ERIC GOLDBERG (SBN 157544)
DAVID RILEY (SBN 292087)
**DLA PIPER LLP (US)**
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, California 90067-4735
Telephone: 310.595.3000
Facsimile:  310.595.3300
Email:  Eric.Goldberg@us.dlapiper.com
            David.Riley@us.dlapiper.com

Counsel to the Debtor and Debtor in Possession

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>HISTOGEN INC.<br><br>        Debtor and Debtor in Possession. | Case No. 24-01357-CL11<br><br>Chapter 11 (Subchapter V)<br><br>**DEBTOR'S MOTION FOR AN ORDER CONFIRMING CHAPTER 11 (SUBCHAPTER V) PLAN; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DAVE MAGGIO IN SUPPORT THEREOF**<br><br>Confirmation Hearing:<br>Date:  September 11, 2024<br>Time: 1:30 p.m. (prevailing Pacific Time)<br>Place: Department 1<br>       Courtroom 218<br>       325 West F Street<br>       San Diego, CA 92101 |

**Table of Contents**

Page No.

I.    INTRODUCTION..............................................................................................1

II.    THE PLAN SATISFIES THE DISCLOSURE REQUIREMENTS OF 11 U.S.C. § 1190 ...............................................................................................................................1

III.    THE PLAN SATISFIES THE CONFIRMATION REQUIREMENTS OF A CONSENSUAL PLAN UNDER 11 U.S.C. § 1191(a)........................................2

A.    The Plan satisfies the applicable provisions of 11 U.S.C. § 1129(a) to be confirmed under 11 U.S.C. § 1191(a)................................................................................2

i.    11 U.S.C. § 1129(a)(1) ..................................................................2

ii.    11 U.S.C. § 1129(a)(2) ..................................................................5

iii.    11 U.S.C. § 1129(a)(3) ..................................................................5

iv.    11 U.S.C. § 1129(a)(4) ..................................................................6

v.    11 U.S.C. § 1129(a)(5) ..................................................................6

vi.    11 U.S.C. § 1129(a)(6) ..................................................................7

vii.    11 U.S.C. § 1129(a)(7) ..................................................................7

viii.    11 U.S.C. § 1129(a)(8) ..................................................................8

ix.    11 U.S.C. § 1129(a)(9) ..................................................................8

x.    11 U.S.C. § 1129(a)(10) ................................................................8

xi.    11 U.S.C. § 1129(a)(11) ................................................................9

xii.    11 U.S.C. § 1129(a)(12) ................................................................9

xiii.    11 U.S.C. § 1129(a)(13) ..............................................................10

xiv.    11 U.S.C. § 1129(a)(14) ..............................................................10

xv.    11 U.S.C. § 1129(a)(15) ..............................................................10

xvi.    11 U.S.C. § 1129(a)(16) ..............................................................10

B.    The Plan likewise satisfies the confirmation requirements under 11 U.S.C. § 1191(b) ...........................................................................................................10

IV.    THE PLAN'S RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS ARE APPROPRIATE AND COMPLY WITH THE BANKRUPTCY CODE ........................11

A.    The Debtor Release is appropriate and complies with the Bankruptcy Code...........11

B.    The Exculpation provision is appropriate and complies with the Bankruptcy Code..13

C.    The Plan Injunctions are appropriate and comply with the Bankruptcy Code. .........13

V.    CONCLUSION. ................................................................................................15

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acequia, Inc. v. Clinton* (*In re Acequia, Inc.*),
    787 F.2d 1352 (9th Cir. 1986)........................................................9

*Aetna Realty Investors v. Monarch Beach Venture, Ltd.* (*In re Monarch Beach Venture, Ltd.*),
    166 B.R. 428 (C.D. Cal. 1993)......................................................2

*In re Arnold & Baker Farms*,
    177 B.R. 648 (9th Cir. B.A.P. 1994), *aff'd*, 385 F.3d 1415, *cert. denied*,
    519 U.S. 1054 (1997) ..................................................................2

*Bank of Am. Nat. Tr. & Sav. Ass'n v. 203 N. LaSalle St. P'ship*,
    526 U.S. 434 (1999) ....................................................................7

*Barakat v. Life Ins. Co. of Va.* (*In re Barakat*),
    99 F.3d 1520 (9th Cir. 1996) ........................................................3

*In re Bigler LP*,
    442 B.R. 537 (Bankr. S.D. Tex. 2010) .........................................12

*In re Corey*,
    892 F.2d 829 (9th Cir. 1989) ........................................................5

*In re Johns-Mansville Corp.*,
    843 F.2d 636 (2d Cir. 1988) ......................................................3, 9

*In re Mirant Corp.*,
    348 B.R. 725 (Bankr. N.D. Tex. 2006).........................................12

*Steelcase Inc. v. Johnston* (*In re Johnston*),
    21 F.3d 323 (9th Cir. 1994) ..........................................................3

*In re Sun Country Dev., Inc.*,
    764 F.2d 406 (5th Cir. 1985) ........................................................5

*In re Sylmar Plaza, L.P.*,
    314 F.3d 1070 (9th Cir. 2002)......................................................5

*In re Texaco Inc.*,
    84 B.R. 893 (Bankr. S.D.N.Y. 1988)............................................5

*In re Tribune Co.*,
    972 F.3d 228 (3d Cir. 2020) ........................................................11

**Statutes**

11 U.S.C. § 1122 ...........................................................................................3, 11

11 U.S.C. § 1123 ...................................................................................... *passim*

11 U.S.C. § 1129 ...................................................................................... *passim*

11 U.S.C. § 1190 ............................................................................................1, 2

11 U.S.C. § 1191 ...................................................................................2, 10, 15

28 U.S.C. § 1930 .................................................................................................9

United States Code title 11 chapter 11 ..............................................1, 1, 13

Bankruptcy Code section 1114 .......................................................................10

Bankruptcy Code section 1129(a)(2) ................................................................5

Bankruptcy Code section 1129(a)(3) ................................................................5

Bankruptcy Code section 1129(a)(4) ................................................................6

Bankruptcy Code section 1129(a)(5) ................................................................6

Bankruptcy Code section 1129(a)(7) ................................................................7

Bankruptcy Code section 1129(a)(8) ................................................................8

Bankruptcy Code section 1129(a)(10) ..............................................................8

Bankruptcy Code section 1129(a)(11) ..............................................................9

Bankruptcy Code section 1129(a)(12) ..............................................................9

Bankruptcy Code section 1129(a)(16) ............................................................10

Bankruptcy Code section 1191(a)..........................................................2, 5, 10

**Other Authorities**

Bankruptcy Rule 3020(b)(2)...............................................................................5

Bruce A. Markell, *A New Perspective on Unfair Discrimination in Chapter 11*,
    72 Am. Bankr. L.J. 227, 227–28 (1998)....................................................11

H.R. Rep. No. 95-595 (1977) .............................................................................3

S. Rep. No. 95-989 (1978)..................................................................................3

**PLEASE TAKE NOTICE**, Histogen Inc., (the "Debtor"), as debtor in possession in the above-captioned chapter 11 subchapter V case (the "Subchapter V Case"), by and through its undersigned counsel, files this motion (this "Motion") for entry of an order (i) confirming the Debtor's Subchapter V Plan filed concurrently herewith (as amended, supplemented, or otherwise modified from time to time, the "Plan")[1] under subchapter V of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"); and (ii) granting related relief.

**PLEASE TAKE FURTHER NOTICE**, that in support of this Motion, the Debtor relies upon the *Declaration of Dave Maggio in Support of Confirmation of Debtor's Subchapter V Plan*, attached to this Motion as **Exhibit 1** (the "Maggio Declaration in Support of Confirmation"), the attached Memorandum of Points and Authorities, and the record of this Subchapter V Case.

**PLEASE TAKE FURTHER NOTICE**, that a hearing to consider this Motion is set for **September 11, 2024 at 1:30 p.m.** (Pacific Time) (the "Confirmation Hearing").   Any objections to this Motion or the relief sought herein must comply with the United States Bankruptcy Court Southern District of California Local Bankruptcy Rules and Administrative Procedures (the "Local Rules") and must be filed with the Court on or before 28 days after the Motion is filed (the "Objection Deadline") and served on the Office of the United States Trustee (the "U.S. Trustee"), the Subchapter V Trustee appointed in this Subchapter V Case, and the Debtor's undersigned counsel.  If you fail to file and serve an objection to this Motion or the relief sought herein on or before the Objection Deadline, the Court may deem such failure to be consent to the granting of this Motion and the relief sought herein.

| Deadline / Hearing | Date |
|---|---|
| Deadline to Object to Confirmation of the Plan | August 14, 2024 |

---

[1]     Capitalized terms used but not otherwise defined in this Motion have the meanings ascribed to them in the Plan.

1

| Deadline to File Reply In Support of Confirmation | August 21, 2024 |
|---|---|
| Confirmation Hearing | September 11, 2024 at 1:30 p.m. PT  at Jacob Weinberger Courthouse, Department 1, Courtroom 218, 325 West F Street, San Diego, CA 92101 |

**PLEASE TAKE FURTHER NOTICE**, the Confirmation Hearing may be continued from time to time without further notice except for the announcement of any adjourned dates and times at the above-noticed Hearing or any adjournment thereof, and the Court may approve modifications at the Hearing or any continued hearing.

Dated: July 16, 2024
          Los Angeles, CA

Respectfully submitted,

**DLA PIPER LLP (US)**

*/s/ David M. Riley*
Eric Goldberg (Bar No. 157544)
David M. Riley (Bar No. 292087)
2000 Avenue of the Stars
Suite 400, North Tower
Los Angeles, California 90067-4704
Tel: 310.595.3000
Fax: 310.595.3300
Email: eric.goldberg@us.dlapiper.com
           david.riley@us.dlapiper.com

*Counsel for Debtor and Debtor in Possession Histogen Inc.*

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. **INTRODUCTION**

1.      The Debtor commenced this chapter 11 case on April 18, 2024 (the "Petition Date") to wind-down and distribute its assets, primarily its cash reserves, to all of its stakeholders, inclusive of stockholders.

2.      Through the Plan, Histogen will establish a Winddown Debtor, administered by the Plan Administrator, into which will flow: (i) all Cash; (ii) the Retained Causes of Action; and (iii) all other Residual Assets.  The Debtor believes that its only Asset of value is the Cash, which was approximately $2.76 million as of the Petition Date.

3.      The Plan is structured to support the distribution of the Debtor's Assets to stakeholders in accordance with the priority schemes of the Bankruptcy Code.  The Debtor believes that there are sufficient Assets to satisfy creditors in full, and provide for a pro rata distribution of any residual value to Histogen stockholders.  All Classes of Creditors and Equity Interests are Unimpaired and deemed to accept the Plan.  Therefore, no votes are required of any Class.

4.      As discussed below, because the Plan satisfies the requirements of the Bankruptcy Code, it should be confirmed.

II. **THE PLAN SATISFIES THE DISCLOSURE REQUIREMENTS OF 11 U.S.C. § 1190**

5.      Bankruptcy Code section 1190 provides that a plan filed under subchapter V:

(1) shall include—

(A) a brief history of the business operations of the debtor;

(B) a liquidation analysis; and

(C) projections with respect to the ability of the debtor to make payments under the proposed plan of reorganization; and

(2) shall provide for the submission of all or such portion of the future earnings or other future income of the debtor to the supervision and control of the trustee as necessary for the execution of the plan….

-1-

6.      Section III of the Plan sets forth (A) a concise description and history of the Debtor's business; (B) the events leadings to this Subchapter V Case; (C) the Debtor's progression through this Subchapter V Case; (D) information regarding preparation of the Plan; (E) an overview of the Plan structure; (F) a liquidation analysis, as further detailed in Exhibit A to the Plan; and (G) information describing that the Debtor will not be conducting any business operations following the Effective Date.

7.      Accordingly, the Plan satisfies the requirements of Bankruptcy Code section 1190 and in fact provides significantly more information than is required, which will ensure that parties in interest will be able to make an informed decision regarding the Plan.

## III.   THE PLAN SATISFIES THE CONFIRMATION REQUIREMENTS OF A CONSENSUAL PLAN UNDER 11 U.S.C. § 1191(a)

8.      The Plan may be confirmed as a "consensual" plan under Bankruptcy Code section 1191(a) because it satisfies the requirements of section 1129(a) of the Bankruptcy Code (other than section 1129(a)(15)).  The Plan provides that all Classes of Creditors and Equity Interests are Unimpaired and deemed to accept the Plan.

9.      Here, the Debtor can demonstrate, by a preponderance of evidence, that each applicable requirement of section 1129(a) is met.  *See, e.g.*, *In re Arnold & Baker Farms*, 177 B.R. 648, 654 (9th Cir. B.A.P. 1994), *aff'd*, 385 F.3d 1415, *cert. denied*, 519 U.S. 1054 (1997) (applying the preponderance of the evidence standard to confirming a plan under section 1129(a) of the Bankruptcy Code); *Aetna Realty Investors v. Monarch Beach Venture, Ltd.* (*In re Monarch Beach Venture, Ltd.*), 166 B.R. 428, 431–32 (C.D. Cal. 1993).

### A. The Plan satisfies the applicable provisions of 11 U.S.C. § 1129(a) to be confirmed under 11 U.S.C. § 1191(a)

i.      11 U.S.C. § 1129(a)(1)

10.     Bankruptcy Code section 1129(a)(1) provides that a plan must "compl[y] with the applicable provisions of [the Bankruptcy Code]."  According to the legislative history underpinning section 1129(a)(1), this provision relates to the requirements of Bankruptcy

1    Code sections 1122 and 1123, which govern classification of claims and the contents of a

2    plan, respectively.  *See* H.R. Rep. No. 95-595, at 412 (1977); S. Rep. No. 95-989, at 126

3    (1978); *see also In re Johns-Mansville Corp.*, 843 F.2d 636 (2d Cir. 1988).  As set forth below,

4    the Plan satisfies these provisions.

5                       a.    The Plan complies with 11 U.S.C. § 1122

6         11.    Bankruptcy Code section 1122 allows for a plan to "place a claim or interest in

7    a particular class only if such claim or interest is substantially similar to other claims or

8    interests of such class."  Courts have significantly broad discretion as to determinations of

9    the propriety of classification schemes.  *See, e.g.*, *Steelcase Inc. v. Johnston* (*In re*

10    *Johnston*), 21 F.3d 323, 327 (9th Cir. 1994) ("[B]ankruptcy court judges must have

11    discretionary power in classifying claims under § 1122(a).").  In doing so, "bankruptcy court

12    judges must evaluate the nature of each claims, *i.e.*, the kind, species, or character of each

13    category of claim."  *Id.*; *see also Barakat v. Life Ins. Co. of Va.* (*In re Barakat*), 99 F.3d 1520,

14    1526 (9th Cir. 1996) (finding that claims may be classified separately if there is a legitimate

15    business or economic justification).

16         12.    Here, the Plan contains four Classes of Claims and Interests: (i) Secured

17    Claims; (ii) Priority Claims; (iii) General Unsecured Claims; and (iv) Equity Interests.  Each

18    of these Classes contain substantially similar Claims and/or Interests in accordance with

19    Bankruptcy Code section 1122.  The Plan separately classifies Claims based on secured,

20    unsecured, and priority status, among other considerations.  Treatment on account of

21    Allowed General Unsecured Claims is the same for all Holders of Class 3 Claims.

22    Accordingly, the Plan complies with Bankruptcy Code section 1122 and appropriately

23    classifies the various Classes of Claims and Interests.

24                       b.    The Plan complies with 11 U.S.C. § 1123(a)(1)–(8), as applicable.

25         13.    Section 1123(a)(1) is satisfied because the Plan designates all Classes of

26    Claims other than those specified in sections 507(a)(2), 507(a)(3), and 507(a)(8).

27    Unclassified Claims are set forth in <u>Article IV</u> of the Plan.

28

14.     Section 1123(a)(2) is satisfied because <u>Article V</u> provides that Classes 1, 2, 3 and 4 are unimpaired under the Plan.

15.     Section 1123(a)(3) is satisfied because <u>Article V</u> provides that all classes are unimpaired under the Plan.

16.     Section 1123(a)(4) is satisfied because Holders in each Class will receive the same treatment on account of their Allowed Claim as others in the same Class.

17.     Section 1123(a)(5) is satisfied because the Plan sets forth adequate means for the Plan's implementation, including:

    (A)     Funding of the Plan;

    (B)     Vesting of assets in the Wind-Down Debtor;

    (C)     The process of selecting a Plan Administrator;

    (D)     The duties of the Wind-Down Debtor;

    (E)     Agents of the Plan Administrator and Wind-Down Debtor and the payment of such Agents and Professionals;

    (F)     The limitation of liability with respect to the Plan Administrator and Professionals;

    (G)     The discharge of the Debtor's Directors and Officers; and

    (H)     The dissolution of the Wind-Down Debtor.

18.     More specifically, <u>Article VI</u> of the Plan provides for the funding of the proposed distributions and treatment of all Allowed Claims and Allowed Interests through the use of the Debtor's Cash on hand as of the Effective Date. Further, the Plan provides that, in accordance with the relative priority scheme set forth by the Bankruptcy Code, Holders of Equity in Class 4 will receive a Pro Rata share of cash remaining after satisfying senior classes.

19.     Section 1123(a)(6) is inapplicable here as the Plan does not provide for the issuance of non-voting equity securities.

20.     Section 1123(a)(7) is satisfied because the Plan provides that on the Effective Date, the duties and obligations of the Officers and Directors of the Debtor shall be discharged and the Board shall be disbanded and management shall be replaced for all purposes and respect by the Plan Administrator.

21.    Section 1123(a)(8) is inapplicable to this Subchapter V Case as the Debtor is not an individual.

ii.    11 U.S.C. § 1129(a)(2)

22.    Bankruptcy Code section 1129(a)(2) provides that the proponent of the Plan must comply with the applicable provisions of the Bankruptcy Code.  Courts have interpreted this provision generally as relating to the Bankruptcy Code's requirements for solicitation of votes in support of a plan.  *See, e.g.*, *In re Texaco Inc.*, 84 B.R. 893, 906–07 (Bankr. S.D.N.Y. 1988).  Under the Plan, all Classes are Unimpaired and thus no solicitation is required.  As such, Bankruptcy Code section 1129(a)(2) has been satisfied.

iii.    11 U.S.C. § 1129(a)(3)

23.    Bankruptcy Code section 1129(a)(3) provides that a plan must be "proposed in good faith and not by any means forbidden by law."  Pursuant to Bankruptcy Rule 3020(b)(2), "[i]f no objection [to a plan] is timely filed, the court may determine that the plan has been proposed in good faith and not by any means forbidden by law without receiving evidence on such issues."

24.    The Debtor has proposed the Plan in good faith.  Courts have recognized "good faith" upon (i) a showing the plan was proposed with honesty and good intentions and (ii) the existence of a reasonable likelihood that the plan will achieve results consistent with the objectives and purposes of the Bankruptcy Code.  *See, e.g.*, *In re Sylmar Plaza, L.P.*, 314 F.3d 1070, 1074 (9th Cir. 2002) (citing *In re Corey*, 892 F.2d 829, 835 (9th Cir. 1989)); *In re Sun Country Dev., Inc.*, 764 F.2d 406, 408 (5th Cir. 1985) ("Where the plan is proposed with the legitimate and honest purpose to reorganize and has a reasonable hope of success, the good faith requirement of section 1129(a)(3) is satisfied.").

25.    Here, the Debtor has set forth a fully consensual plan capable of confirmation under Bankruptcy Code section 1191(a).  To that end, as set forth above and in greater detail in Section III of the Plan, the Debtor has worked diligently to (i) negotiate resolutions of most

1   outstanding issues with the Debtor's major stakeholders, (ii) wind-down and liquidate the

2   Debtor's assets, and (iii) distribute full recoveries to all Classes.

3       26.    The Debtor has proposed a plan that will pay creditors in full, and should result

4   in a dividend to stockholders.  It necessarily follows that there is substantial support for a

5   finding that the Plan has been proposed in good faith and not by any means forbidden by

6   law.  Accordingly, the good faith requirement of Bankruptcy Code section 1129(a)(3)

7   is satisfied.

8           iv.    <u>11 U.S.C. § 1129(a)(4)</u>

9       27.    Bankruptcy Code section 1129(a)(4) provides that any payments made by the

10  debtor "for services or for costs and expenses in or in connection with the case, or in

11  connection with the plan and incident to the case, [have] been approved by, or [are] subject

12  to the approval of, the court as reasonable."  <u>Article XII</u> of the Plan provides that the Court

13  will retain jurisdiction over this Subchapter V Case, including, the determination of (i) all

14  controversies relating to or concerning the allowance of Administrative Expense Claims, and

15  (ii) requests for payment of Administrative Expense Claims, including any and all

16  Professional Fee Claims.

17      28.    Except as otherwise ordered by the Court, Estate professionals must file and

18  serve a properly noticed final fee application, over which the Court has jurisdiction to rule on

19  and allow, as applicable.  Only Professional Fee Claims allowed by the Court will be paid by

20  the Wind-Down Debtor. Accordingly, Bankruptcy Code section 1129(a)(4) is satisfied.

21          v.    <u>11 U.S.C. § 1129(a)(5)</u>

22      29.    Bankruptcy Code section 1129(a)(5) requires that (i) the plan proponent

23  disclose the identity of any individual that will serve as a director, officer, or voting trustee of

24  the debtor after confirmation of the plan, and (ii) the plan proponent disclose the identity of

25

26

27

28

any insider that will be employed by the Wind-Down Debtor and the nature of such insider's compensation.  11 U.S.C. § 1129(a)(5)(A), (B).

30.    Article VI of the Plan provides that on the Effective Date, the duties and obligations of the Officers and Directors of the Debtor shall be discharged and the Board shall be disbanded and management shall be replaced for all purposes and respect by the Plan Administrator.

vi.    11 U.S.C. § 1129(a)(6)

31.    Bankruptcy Code section 1129(a)(6) provides that "[a]ny governmental regulatory commission with jurisdiction, after confirmation of the plan, over the rates of the debtor has approved any rate changes provided for in the plan…."  Such provision is not applicable to the Debtor's Plan as the Plan does not contemplate any rate changes.

vii.    11 U.S.C. § 1129(a)(7)

32.    Bankruptcy Code section 1129(a)(7) provides:

With respect to each impaired class of claims or interests—

(A) each holder of a claim or interest of such class—

(i) has accepted the plan; or

(ii) will receive or retain under the plan on account of such claim or interest property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under chapter 7 of this time on such date….

33.    Courts refer to this provision as the "best interests test" with respect to a plan, under which the court must find that each non-accepting creditor will receive property of value "that is not less than the amount such holder would receive… if the debtor were liquidated under chapter 7."  *Bank of Am. Nat. Tr. & Sav. Ass'n v. 203 N. LaSalle St. P'ship*, 526 U.S. 434, 441 n.13 (1999).

34.    Here, as set forth in the Plan, as well as illustrated in the Liquidation Analysis attached to the Plan as Exhibit A, the Plan provides for a liquidation of Histogen and its assets for the benefit of Holders of Allowed Claims and Equity Interests.  The Plan provides for

payment in full in Cash based on the Debtor's Cash on hand as of the Effective Date following the payment of Administrative Expenses and Professional Fees.

35.    Accordingly, the treatment of creditors contemplated in <u>Article V</u> of the Plan is in the best interests of the Debtor's creditors, and therefore section 1129(a)(7) is satisfied.

       viii.    <u>11 U.S.C. § 1129(a)(8)</u>

36.    Bankruptcy Code section 1129(a)(8) provides that each class of claims and interests under a plan either accept the plan or not be impaired under the plan.  The Plan provides that each Class of Claims is unimpaired. Accordingly, the Debtor submits that 11 U.S.C. § 1129(a)(8) is satisfied.

       ix.    <u>11 U.S.C. § 1129(a)(9)</u>

37.    Section 1129(a)(9) of the Bankruptcy Code provides:

Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim:

(A) the holder of a claim entitled to priority under section 507(a)(2) or (3) must receive cash equal to the allowed amount of its claim on the effective date of the plan;

(B) the holder of a claim entitled to priority under section 507(a)(1), (4), (5), (6), or (7) must receive either cash in the allowed amount of such claim on the effective date of the plan or deferred cash payments of a value, as of the effective date, equal to the allowed amounts of such claim; and

(C) the holder of a tax claim entitled to priority under section 507(a)(8) must receive on account of such claim deferred cash payments, over a period not exceeding six years after the date of assessment of such claim, of a value, as of the effective date of a plan, equal to the allowed amount of such claim.

38.    The Debtor believes that there are no holders of Priority Claims (Class 2). As such, section 1129(a)(9) is satisfied.

       x.    <u>11 U.S.C. § 1129(a)(10)</u>

39.    Bankruptcy Code section 1129(a)(10) requires that "[i]f a class of claims is impaired under the Plan, at least one class of claims that is impaired under the plan has accepted the plan, determined without including any acceptance of the plan by any insider."

As set forth above, each Class of Claims is Unimpaired.  Accordingly, the Debtor submits that section 1129(a)(10) is satisfied.

                  xi.        <u>11 U.S.C. § 1129(a)(11)</u>

40.    Bankruptcy Code section 1129(a)(11) provides that a plan must represent that "[c]onfirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the plan…." Courts have interpreted this provision to require that a plan present only a "reasonable probability of success."  *See, e.g.*, *Acequia, Inc. v. Clinton* (*In re Acequia, Inc.*), 787 F.2d 1352, 1364 (9th Cir. 1986) (finding that the plan in question satisfied the "feasibility" requirement of section 1129(a)(11) because the debtor "presented ample evidence to demonstrate that the Plan has a reasonable probability of success"); *Kane v. Johns-Manville Corp.* (*In re Johns-Manville Corp.*), 843 F.2d 636, 649 (2d Cir. 1988).

41.    Consummation of the Plan is feasible because, among other things, the Plan contemplates payment in full to all Classes via the Debtor's Cash on hand.  As set forth in <u>Article II</u> to the Plan, confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor.  The Debtor will not be conducting any business operations after the Effective Date.  Further, the Debtor's property is sufficient to satisfy in full or otherwise reserve for future Administrative Expense Claims, Allowed Priority Tax Claims, Allowed Professional Fee Claims, and the costs and expenses of the Plan Administrator.

42.    Accordingly, the Debtor submits that the feasibility requirements of section 1129(a)(11) are satisfied.

                 xii.        <u>11 U.S.C. § 1129(a)(12)</u>

43.    Bankruptcy Code section 1129(a)(12) relates to the payment of fees under 28 U.S.C. § 1930.  However, cases arising under subchapter V of the Bankruptcy Code are excepted from such fee requirements.  Section 1129(a)(12) is not applicable to this Subchapter V Case.

xiii.    11 U.S.C. § 1129(a)(13)

44.    Bankruptcy Code section 1129(a)(13) requires that all retiree benefits continue to be paid post-confirmation of the plan at the level established by section 1114 of the Bankruptcy Code.  The Debtor does not offer any retiree benefits and has no employees.  Section 1129(a)(13) is therefore inapplicable.

xiv.    11 U.S.C. § 1129(a)(14)

45.    Bankruptcy Code section 1129(a)(14) relates to payment of a domestic support obligation.  This provision is not applicable to the Debtor's business or the Plan.

xv.    11 U.S.C. § 1129(a)(15)

46.    As set forth in section 1191(a) of the Bankruptcy Code, section 1129(a)(15) is not applicable to consideration of a subchapter V plan.

xvi.    11 U.S.C. § 1129(a)(16)

47.    Bankruptcy Code section 1129(a)(16) provides that all transfers of property under a plan "shall be made in accordance with any applicable provisions of nonbankruptcy law that govern the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust."  This provision is not applicable to the Debtor's business or the Plan.

**B. The Plan likewise satisfies the confirmation requirements under 11 U.S.C. § 1191(b)**

48.    Notwithstanding the Debtor's contention that the Plan may be confirmed under Bankruptcy Code section 1191(a) as a fully consensual plan, the Plan likewise satisfies the confirmation requirements under Bankruptcy Code section 1191(b).  First, as discussed above, the Plan satisfies the applicable Bankruptcy Code sections 1129(a)(1) through (16), and therefore necessarily satisfies the first prong section 1191(b).

49.    Second, the Plan does not discriminate unfairly and is fair and equitable, including with respect to all Classes.  Courts interpreting the term "discriminate unfairly" have held that it is a "horizontal comparative assessment applied to similarly situated creditors (here unsecured creditors) where a subject of those creditors is classified separately, does

not accept the plan, and claims inequitable treatment under it."  *In re Tribune Co.*, 972 F.3d 228, 232 (3d Cir. 2020) (citing Bruce A. Markell, *A New Perspective on Unfair Discrimination in Chapter 11*, 72 Am. Bankr. L.J. 227, 227–28 (1998)).  "By contrast, 'fair and equitable' has been interpreted 'vertically' as it 'regulates priority among classes of creditors having higher and lower priorities.'  For example, secured creditors are a higher priority for payment than unsecured creditors.  For the sake of completeness, 'impaired' means a creditor whose rights under a plan are altered (obviously adversely)."  *Id.* (internal citations omitted).

50.    As discussed above, the Plan does not unfairly discriminate between unsecured creditors.  The Plan properly allocates proposed distributions based on the priority scheme set forth in the Bankruptcy Code and contemplates a full recovery for holders of General Unsecured Claims (Class 3).[2]

## IV.    THE PLAN'S RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS ARE APPROPRIATE AND COMPLY WITH THE BANKRUPTCY CODE

51.    <u>Article XI</u> of the Plan includes certain exculpation provisions, debtor releases, and confirmation injunctions.  Bankruptcy Code Section 1123(b) permits the inclusion of these types of discretionary provisions.  *See* 11 U.S.C. § 1123(b)(1)-(6).  The Plan embodies a global settlement of claims and Causes of Action between the Debtor, certain of the Debtor's officers and directors, and certain of the Debtor's key stakeholders that are subsumed within the definition of "Released Party".  These provisions should be approved.

### A.  The Debtor Release is appropriate and complies with the Bankruptcy Code.

52.    <u>Article XI</u> of the Plan provides, in summary, on the Effective Date, each Released Party is deemed to be conclusively, absolutely, irrevocably, and forever released by the Debtor and its Estate from any and all Claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever.  There is no release of (a) any obligations of any party under the Plan, (b) the rights of the Debtor with respect to any

---

[2] The Debtor intends to promptly object to the Harrell Claim, which will deem it not allowed for plan purposes. Further, the Debtor has proposed a reserve of $100,000 or such other amount as ordered by the Court as of the date of Confirmation.

confidentiality provisions or covenants restricting competition in favor of the Debtor, (c) the rights of Holders of Allowed Claims or Equity Interests to receive Distributions under the Plan, or (d) the Retained Causes of Action.

53.     Section I of the Plan defines "Released Parties" as:

> Collectively, and in each case solely in its capacity as such during the Subchapter V Case: (a) the Debtor, (b) each of the Debtor's (i) directors, (ii) officers, (iii) attorneys, (iv) advisors, (v) agents, and (vi) representatives, in each case with respect to (i) through (vi) serving between the Petition Date and the Effective Date, and (c) each Professional retained by the Debtor, including, without limitation, DLA Piper and Armanino.

54.     Bankruptcy Code section 1123(b)(3)(A) provides that a plan may provide for "the settlement or adjustment of any claim or interest belonging to the debtor or to the estate." It follows that the Debtor may release estate causes of action as consideration in connection with agreements, concessions, and/or contributions from the Debtor's various stakeholders under the Plan.  *See, e.g.*, *In re Bigler LP*, 442 B.R. 537, 547 (Bankr. S.D. Tex. 2010) (finding that plan release language "constitutes an acceptable settlement under § 1123(b)(3) because the Debtor and the Estate are releasing claims that are property of the Estate in consideration for funding of the Plan").  Courts generally consider whether releases are appropriate based on whether the release is (a) "fair and equitable" and (b) "in the best interests of the estate." *See In re Mirant Corp.*, 348 B.R. 725, 738 (Bankr. N.D. Tex. 2006).

55.     Here, the Debtor Release under Article XI of the Plan is fair and equitable, is in the best interests of the Debtor's Estate, and is being given as consideration for substantial contributions made by each of the parties receiving such release.

56.     The Plan contemplates Debtor Releases in favor of certain officers and directors and members of the Debtor's management team.  As set forth above, only the Debtor's current officers or directors that (x) are engaged during the bankruptcy cases and (y) have participated substantially in the Debtor's restructuring efforts are deemed a Released Party under the Plan subject to the Debtor Releases in Article XI.  Such releases are fair and reasonable and in the best interests of the Debtor's Estate.

57.    Accordingly, this Court should approve the Debtor Releases in <u>Article XI</u> of the Plan with respect to all parties covered thereunder.

**B. The Exculpation provision is appropriate and complies with the Bankruptcy Code.**

58.    <u>Article XI</u> of the Plan further provides for the exculpation of the Exculpated Parties, as defined in <u>Section I</u> of the Plan, which definition is similar to that of the "Released Parties" set forth above except that it only applies to Estate fiduciaries and their agents.  The Exculpation provided under the Plan does not affect the liability of third parties generally, but rather establishes a standard of care of actual fraud, willful misconduct, or gross negligence in hypothetical future litigation against an Exculpated Party for acts arising out of, or in connection with, the Debtor's Subchapter V Case, the formulation, preparation, dissemination, confirmation, or consummation of the Plan or any related agreements.

59.    The Exculpation under the Plan represents an integral piece of the various settlements embodied by the Plan and is the product of good faith.  The Exculpated Parties should have a measure of protection for acts and omissions taken in furtherance of this chapter 11 case and the Plan.  The Exculpation is narrowly tailored and appropriate under the circumstances and should be approved.

**C. The Plan Injunctions are appropriate and comply with the Bankruptcy Code.**

60.    <u>Article XI</u> of the Plan provides for certain "Plan Injunctions".  Specifically, and as common in plans of reorganization, such injunctions subject all Persons or entities who hold, have held, or may hold Claims, Interests, Causes of Action, or liabilities that: (a) are subject to compromise and settlement under the Plan; (b) have been released by the Debtor pursuant to the Plan; (c) are subject to exculpation pursuant to the Plan; or (d) are otherwise discharged, satisfied, stayed, or terminated pursuant to the Plan, are *permanently enjoined*, from and after the Effective Date, from taking any of the actions listed in <u>Article XI.C</u> against the Debtor, the Wind-Down Debtor, the Released Parties, or the Exculpated Parties.

61.    The Plan Injunctions are a key component of the Plan because they enforce the discharge, release, and exculpation provisions that are centrally important thereto.

1    Further, given that the Plan is proposed as paid in full and consensual, and the Debtor is not

2    aware of any objection to the injunctive relief provided for in the Plan, the Court should

3    approve the injunction provisions set forth in the Plan.

5                 [*Remainder of page intentionally left blank*]

V.    **CONCLUSION.**

62.    For the foregoing reasons, the Debtor respectfully request that the Court enter an order:

i.   Confirming the Plan on a final basis pursuant to section 1191 of the Bankruptcy Code;

ii.  Overruling any objections to confirmation of the Plan; and

iii. Granting such other and further relief as the Court deems just and proper.

Dated: July 16, 2024
      Los Angeles, CA

Respectfully submitted,

**DLA PIPER LLP (US)**

/s/  David M. Riley
Eric Goldberg (Bar No. 157544)
David M. Riley (Bar No. 292087)
2000 Avenue of the Stars
Suite 400, North Tower
Los Angeles, California 90067-4704
Tel: 310.595.3000
Fax: 310.595.3300
Email: eric.goldberg@us.dlapiper.com
      david.riley@us.dlapiper.com

*Counsel to the Debtor and Debtor in Possession*
*Histogen Inc.*